UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-10004-CIV-MOORE/SIMONTON

THE COUNTY OF MONROE, FLORIDA, individually
and on behalf of other similarly situated,

    Plaintiff,

v.

PRICELINE.COM., INC., et al.,

    Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS, FOR EXPEDITED BRIEFING AND CONSIDERATION THEREOF OR, IN THE ALTERNATIVE, TO EXTEND THE CURRENT DISCOVERY CUT-OFF

Presently pending before the Court is Plaintiff's Motion To Compel Discovery and For Sanctions, For Expedited Briefing and Consideration or, in the Alternative, To Extend The Current Discovery Cut-Off (DE # 56). All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 3). Defendants subsequently filed a response (DE # 68). On January 8, 2010, the undersigned heard oral argument on the motion, and issued an oral ruling as to all disputed matters . All rulings made orally at the hearing are incorporated into this Order and are also set forth in the Order.

At the hearing, the parties generally agreed that the motion was moot as to four categories of documents: 1) transaction data for Monroe County; 2) hotel contracts for hotels located in Monroe County; 3) manuals relating to how Defendants calculate hotel occupancy taxes and 4) Fed.R.Civ.P. 30(b)(6) deposition transcripts and exhibits taken of Defendants' employees in similar litigation alleging that Defendants had failed to pay state or local hotel taxes (DE # 68 at 4-5). Also at the hearing, the parties agreed that the motion was not moot as to three categories of documents: 1) Defendants'

communications with Florida taxpayer authorities; 2) information concerning statewide merchant agreements; and 3) statewide transaction data (DE # 68 at 9). Defendants conceded at the hearing that, if the District Court certifies the class, Defendant will have to produce the merchant agreements, as well as all the documents and information at issue, as they will all be relevant at a trial on the merits. At the hearing, Plaintiff stated that if Defendants would stipulate to the representative nature of the Monroe County merchant agreements for all purposes, then they would no longer seek production of all merchant agreements.

At the hearing, Defendants stipulated that the merchant agreements were relevant to Plaintiff's class certification motion, and again stipulated that as to Plaintiff's class certification motion the merchant agreements with respect to Monroe County were representative of the statewide merchant agreements. Defendants would not stipulate, at the present time, that the statewide merchant agreements were relevant for purposes of a trial on the merits.

Moreover, although Defendants have contended that they had no communications with the Monroe County taxing authorities, Plaintiff contends that it possesses some of its own records of such communications and also that the fact of such communications was established at depositions. Thus, Defendants will need to conduct a renewed search for the Monroe County communications, as well as produce the communications with respect to other taxing authorities.

Furthermore, if the District Court certifies the class, Defendant will have to produce the statewide transaction data so that Plaintiffs are able to prove classwide damages at a trial on the merits.

The discovery cut-off in this case is February 1, 2010. Trial is set for April 12,

2010.  The undersigned notes that until now, no party has moved to stay merits discovery regarding putative class members until after a ruling on class certification.  Depositions are set for the end of January 2010.  A confidentiality order has been entered.  Thus, if any discovery is to be produced, it must be produced now.

Moreover, the undersigned finds that Defendants have failed to substantiate their general claim of burdensomeness.  Defendants have not provided any evidence of burdensomeness, such as an affidavit, but merely assertions of counsel. Plaintiffs have disputed the assertions of burdensomeness, and the present requests do not appear to be unduly burdensome.

Therefore, Plaintiff's Motion to Compel Discovery is granted.  On or before January 18, 2010 at 5:00 p.m., Defendants shall provide Plaintiff with all documents responsive to Plaintiff's requests for production 9-17 and 19, and shall provide better answers to Plaintiff's interrogatories 8, 10-12 and 15.  Any Defendant that stipulates for all purposes, including for use at trial, that their merchant agreements in Monroe County are typical of their merchant agreements in all other counties in Florida, need not produce, responsive documents on that issue.  Defendants' objections are overruled.

Plaintiff's motion for sanctions is denied as unjustified under the circumstances of this case.

The undersigned does not have the authority to alter any of the deadlines established in the scheduling order.  Therefore, Plaintiff's motion to extend the current discovery cut-off is denied without prejudice to renew before the District Court.

Plaintiff's motion for expedited briefing and consideration is granted, *nunc pro tunc*.  The undersigned has expedited the briefing and consideration on this motion.

Therefore, for the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Discovery (DE # 56), is **GRANTED**. On or before January 18, 2010 at 5:00 p.m., Defendants shall provide Plaintiff with all documents responsive to Plaintiff's requests for production 9-17 and 19, and shall provide better answers to Plaintiff's interrogatories 8, 10-12 and 15. Defendants' objections are overruled. Any Defendant that stipulates to the representative nature of the Monroe County merchant agreements for all purposes need not produce the statewide merchant agreements. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Sanctions (DE # 56), is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Expedited Briefing and Consideration (DE # 56), is **GRANTED, nunc pro tunc**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Extend The Current Discovery Cut-Off (DE # 56), is **DENIED without prejudice to renew before the District Court**.

**DONE AND ORDERED** in chambers in Miami, Florida on January 13, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore
    United States District Judge
All counsel of record