UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-10004-CIV-MOORE/SIMONTON

THE COUNTY OF MONROE, FLORIDA, individually
and on behalf of other similarly situated,

 Plaintiff,

v.

PRICELINE.COM., INC., et al.,

 Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND ON
PLAINTIFF'S CROSS-MOTION TO COMPEL DEFENDANTS TO APPEAR
FOR DEPOSITION AND FOR SANCTIONS,**

 Presently pending before the Court are Defendants' Motion For Protective Order (DE # 95) and Plaintiff's Cross-Motion To Compel Defendants To Appear For Depositions and For Sanctions (DE # 98). All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 3). These motions are fully briefed (DE ## 105, 111). For the reasons stated below, Defendants' motion is denied and Plaintiff's motion is granted in part.

 I. **Defendants' Position**

 Defendants move for a protective order to prevent Plaintiff from taking Fed.R.Civ.P. 30(b)(6) depositions on certain topics. Defendants claim that 22 of the 26 topics in the deposition notices are exactly duplicative and cumulative of transcripts of Rule 30(b)(6) depositions taken in other, extremely similar cases, and already produced to Plaintiff (DE # 95 at 3-11). Defendants also claim that topics 12 and 16, which seek discovery concerning Defendants' discovery responses in this case, are improper for a Rule 30(b)(6) deposition (DE # 95 at 11-13).

In their combined opposition to Plaintiff's cross-motion to compel and reply in support of their motion, Defendants contend that Plaintiff has not explained why the requested Rule 30(b)(6) depositions would not be duplicative of the Rule 30(b)(6) depositions taken in similar, prior cases.  In support of their position, Defendants assert that Plaintiff's attorney took the depositions in a prior, similar case (DE # 105 at 1-7).  Defendants then assert that Topics 12 and 16 are improper because inquiry about how Defendants responded to discovery is irrelevant to the merits of the case, unlikely to lead to the discovery of admissible evidence and implicates the attorney-client privilege and work product protection (DE # 105 at 8-9).  Finally, Defendants contend that Plaintiff's request for sanctions is unwarranted because Defendants were substantially justified in resisting discovery (DE # 105 at 9).

II. Plaintiff's Position

Plaintiff opposes Defendants' motion for a protective order and moves to compel Defendants to appear for the noticed Rule 30(b)(6) depositions and also for sanctions.  Plaintiff contends that they have a right to take Defendants' Rule 30(b)(6) depositions in this case, and need not rely on Rule 30(b)(6) depositions taken in other, similar cases, in which Plaintiff was not a party.  Plaintiff points out that none of the other cases concerned Defendants' alleged refusal to collect and remit the proper amount of tourist development taxes in Florida, and that Plaintiff has the right to ask its own questions of Defendants' corporate representative concerning the facts of this case.  Plaintiff notes that Defendants have not provided any legal authority supporting their position.  Furthermore, Plaintiff also points out that some of the prior depositions may be stale, in that SEC documents indicate that in the last several years, Defendants have changed the words which they uses to describe their business practices.  Plaintiff asks that

**Defendants be ordered to immediately produce their 30(b)(6) witnesses for deposition (DE # 98 at 1-10). Plaintiff also contends that topics 12 and 16 are proper because it is proper to ask Defendants' corporate representatives about the process for searching Defendants' emails and document management systems for relevant documents. Plaintiff claims that Defendants have provided deposition testimony in other cases relating to their responses to the specific discovery in those cases, which differ from the requested discovery in this case (DE # 98 at 10). Finally, Plaintiff requests Rule 37 sanctions against Defendants, contending that Defendants have provided no legal support for their position that they do not have to appear for Rule 30(b)(6) depositions (DE # 98 at 11).**

**In its reply supporting its motion to compel and for sanctions, Plaintiff reiterate that Defendants have provided no legal support for their novel theory that Defendants may force Plaintiff to rely on prior Rule 30(b)(6) depositions taken in other, similar cases, in which Plaintiff was not a party, and that Plaintiff should not be permitted to take Rule 30(b)(6) depositions in this case. Plaintiff provides some brief example of the inadequacies in some of the prior Rule 30(b)(6) depositions taken in other, similar cases, in which Plaintiff was not a party. Plaintiff also notes that some issues arising in this case in Florida, could be quite different than those issues arising in another state. Plaintiff asserts that Defendants have not agreed for the purposes of the merits of this case that their business practices are identical in all 50 states, or that their business is conducted uniformly in Florida. Plaintiff also argues that it cannot be forced to accept prior plaintiffs' decisions in other cases regarding what questions and follow-up questions to ask (DE #11 at 1-8). Plaintiff also states that in Topic 12, it seeks to explore substantive factual details regarding questions which Defendants did not fully answer in**

3

their interrogatories. Plaintiff notes that Defendants' witnesses can be instructed not to answer any questions that call for work product or attorney-client privileged information (DE # 11 at 8-9). Plaintiff requests that the Court specifically order that the depositions take place on consecutive or alternating dates in either Chicago or Miami on or prior to April 16, 2010 (DE # 111 at 2, fn. 1).

With regard to Topic 16, Plaintiff asserts that the question of how certain documents were collected and produced, especially Defendants' transactional data, is central to both liability and damages. Plaintiff states it needs to have Defendants explain what the data means, and how it was collected and produced (DE # 111 at 9). Plaintiff also argues that Defendants questioned Plaintiff's witnesses regarding their document collection and production process when they were deposed in January 2010 (DE # 111 at 9, fn 5). Finally, Plaintiff contends that it is entitled to Rule 37 sanctions because Defendants' position was not substantially justified (DE # 111 at 9-10).

### III. Analysis

#### A. Defendants' Motion For Protective Order is Denied

Initially, Defendants move for a protective order which prevents Plaintiff from taking Rule 30(b)(6) depositions of Defendants on the basis that such depositions are duplicative, cumulative and otherwise improper. This portion of the motion is denied. Defendants have provided no authority supporting this proposition.

Defendants also move for a protective order preventing Plaintiff from deposing Defendants' corporate representatives on Topics number 12 and 16. This portion of the motion is also denied.

##### 1. Defendants' Motion For Protective Order Regarding Depositions is Denied

Defendants' motion for a protective order forbidding Plaintiff from taking any Rule

30(b)(6) depositions in this case is denied.  Defendants seek to prevent Plaintiff from taking any Rule 30(b)(6) depositions in this case, asserting that Plaintiff will be able to use Rule 30(b)(6) depositions taken in other, prior, similar cases, and that allowing Plaintiff to take any Rule 30(b)(6) depositions in this case would be cumulative and improper.  It is virtually unheard of not to allow a party to take any Rule 30(b)(6) depositions in a case.  Moreover, Defendants have not provided any authority supporting their position.

Rule 26(c)(1) permits a party to move for a protective order, on a showing of good cause, to protect a party from annoyance, embarrassment, oppression or undue burden or expense.  Protective orders prohibiting depositions are rarely granted, absent extraordinary circumstances.  See *Dunford v. Rolly Marine Service Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005); *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990).

Plaintiff is entitled to take its own Rule 30(b)(6) depositions in this case, and not to have to rely on Rule 30(b)(6) depositions taken in other cases, by other Plaintiffs, with similar, but not identical issues.  Indeed, some facts may have changed, as Plaintiff asserts, and Defendants do not controvert, that Defendants have, in the last several years, changed the words they use to describe their business practices.  Many of the topics in Plaintiff's deposition notice concern matters specific to Florida, and which relate directly to this case.   Plaintiff asserts, and Defendants do not controvert, that Defendants have refused to stipulate for purposes of trial that their business is conducted uniformly either in all fifty states, or is conducted uniformly across Florida.  This provides yet another reason to allow Plaintiff here to take Rule 30(b)(6) depositions.

None of the cases cited by Defendants in support of their position deal with the

5

issues raised here. All of those cases concern the principle that a party cannot seek discovery which is cumulative or duplicative of discovery which the party has already obtained in the same case.

Therefore, Defendant's motion for a protective order keeping Plaintiff from taking any Rule 30(b)(6) depositions is denied.

    2. **Defendants' Motion For Protective Order Regarding Topics 12 and 16 is Denied**

In the alternative, Defendants move for a protective order seeking to prohibit Plaintiff from inquiring about Topics 12 and 16. Topic 12 states "Defendant's Answers to Plaintiff's First Set of Interrogatories". Topic 16 states "The process by which Defendant gathered and produced documents responsive to Plaintiff's First and Second Requests of Production of Documents, including but not limited to all documents marked 'Restricted Information'". This motion is also denied.

Plaintiff points out, and Defendants do not controvert, that in the prior deposition testimony which Defendants seek to force Plaintiff to rely on, there are questions relating to Defendants' answers to interrogatories and requests for production in those cases. Of course, the discovery requests in the other cases differ from the discovery requests in this case. Furthermore, when Defendants deposed Plaintiff's witnesses earlier this year, Defendants also asked questions regarding Plaintiff's document collection and production process. Thus, it is disingenuous for Defendants to object to Plaintiff inquiring on these issues. Moreover, Defendants have not cited to any discovery responses which they have provided in this case concerning their document collection and production process.

Defendants assert that Topics 12 and 16 will inevitably raise issues of work product and attorney-client privilege. If this is true, Defendants' witnesses can be

instructed not to answer any questions that get into these areas. It is perhaps noteworthy that Defendants do not claim that only counsel will be able to respond to these questions. This show that Topics 12 and 16 do not inherently seek privileged information.

Therefore, Defendant's motion for a protective order keeping Plaintiff from inquiring about Topics 12 and 16 is denied.

### B. Plaintiff's Cross-Motion To Compel Depositions is Granted

Plaintiff's Cross-Motion to compel depositions is granted. Defendants' motion for protective order has been denied. The discovery deadline in this case has been extended to May 10, 2010 (DE ## 27, 75).[1] Therefore, the Rule 30(b)(6) depositions at issue must be taken on or before April 30, 2010.

### C. Plaintiff's Motion For Rule 37 Sanctions is Denied

The undersigned finds that a grant of Rule 37 sanctions to Plaintiff is not justified by the circumstances of this case. The undersigned further finds that Defendants' position was not substantially unjustified, and that Defendants were entitled to a ruling on the issues which they raised before going forward with the Rule 30(b)(6) depositions.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion For Protective Order (DE # 95), is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Cross-Motion To Compel Defendants To Appear For Depositions (DE # 98), is **GRANTED**. Plaintiffs' Rule 30(b)(6)

---

[1] Plaintiff has filed a motion to extend the discovery period to June 9, 2010 (DE # 107). This motion is not referred to the undersigned Magistrate Judge and is not yet ripe.

depositions must be taken on or before April 30, 2010.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Sanctions (DE # 98), is

**DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on April 14, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable K. Michael Moore
	United States District Judge
All counsel of record